Justice PLEICONES,
Dissenting.
I respectfully dissent from the majority’s decision to reverse the court of appeals as in my view, the erroneous admission of the DNA evidence — which the majority finds “compelling”— was not harmless. I would remand for a new trial.
The majority holds that notwithstanding the DNA evidence, there was abundant, independent evidence in the record from which the jury could have found Respondent guilty. In addition to the victim’s testimony — which in my view is the only evidence Respondent sexually assaulted the victim — the majority relies on the results of the rape examination on the victim,[7] the testimony from the nurse who performed the rape examination that the victim’s face was “quite bruised,” the testimony from the responding officer that described the victim as “roughed up pretty good,” and the presence of the victim’s ripped underwear and “blood and fingerprint evidence”[8] at the scene. In my opinion, this evidence merely shows that the victim was likely sexually assaulted and that Respondent has been in the victim’s home, not that Respondent was the perpetrator of the sexual assault. Accordingly, this case is indeed a battle of credibility between the victim and Respondent regarding Respondent’s involvement in the sexual assault. In my view, the majority fails to point to the existence of overwhelming evidence of guilt as the victim’s testimony was the only evidence that identified Respondent as the perpetrator of the sexual assault. See State v. Chavis, 412 S.C. 101, 109-10 & n. 7, 771 S.E.2d 336, 340 (2015) (stating the *655 materiality and prejudicial character of the error must be determined from its relationship to the entire case and the wrongful admission of evidence can be deemed harmless where there is other overwhelming evidence of guilt).[9]
Since I find the admission of the DNA evidence not harmless, I address the propriety of the court of appeals’ decision to remand for an evidentiary hearing. In my view, remand for an evidentiary hearing to determine whether the inevitable discovery doctrine applies is improper. Here, inevitable discovery is advanced as an additional sustaining ground and it is well settled that the evidence forming the basis for an additional sustaining ground must appear in the record on appeal. There is no evidence in the record on appeal that Respondent’s DNA is in the State DNA database. See Rule 220(c), SCACR; I’On, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000). I would reverse respondent’s conviction and remand for a new trial.
For the reasons given above, I would find the erroneous admission of DNA evidence not harmless, reverse respondent’s conviction, and remand to the lower court for a new trial.

. The results of the rape examination were not conclusive that a sexual assault occurred. In fact, the nurse who performed the rape examination agreed that everything discovered in the pelvic examination could be consistent with consensual intercourse.

. Blood was found on the victim’s couch and Respondent’s fingerprints were recovered from a glass candleholder.

. In my view, the majority's reliance in footnote 5 on the concession by Respondent’s counsel during argument that Respondent and the victim had consensual sex is improper because the concession was a necessary by-product of the lower court's erroneous decision to admit the DNA evidence. Respondent should not be bound by this concession because his attorney unsuccessfully sought to ameliorate the prejudice from an erroneous evidentiary ruling.